**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-11295
Summary Calendar
Civil Docket #3:99-CV-766-L

_____


LEROY WAFER,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

December 19, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.[*]

PER CURIAM:

Appellant Leroy Wafer has been imprisoned since 1979 on a 50-year sentence for aggravated robbery. He has filed a dozen state habeas petitions and several prior federal § 2254 petitions. A COA was granted to permit him to appeal two issues: whether the district court should have stayed or transferred to this court his

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

most recent preceding federal habeas petition rather than dismiss it as successive; and whether the AEDPA 1-year limitations period should be equitably tolled during the time that Wafer's next prior § 2254 petition and his motion in this court for authorization to file a successive petition were pending.

Having carefully reviewed these issues based on the briefs and our independent research, we conclude that the district court's denial of habeas relief must be affirmed.

To begin with, even if we wanted to, we could not change the district court's decision to dismiss rather than transfer Wafer's next preceding habeas petition to this court for successive habeas review. Wafer did not appeal that action by the district court, and its propriety is not directly before us.

For purposes of this analysis, however, we may assume without deciding that the district court erroneously failed to transfer. Such an error might make available to Wafer the possibility that the 1-year AEDPA statute of limitations was equitably tolled at least while his next preceding habeas petition was pending in the district court (about 1 month) and while the follow-on motion for successive habeas was being considered in this court (approximately another month). The district court gave Wafer the benefit of tolling in both these instances and computed that the instant petition was still untimely. The district court's

computation was not inaccurate.[1]  Wafer's instant habeas petition was filed months after the 1-year AEDPA limitations period had elapsed, even if his earlier, unsuccessful forays into the district court and this court are excluded.

For these reasons, the judgment of the district court rejecting as untimely Wafer's claim for habeas relief stemming from the calculation of his potential mandatory release date is **AFFIRMED.**

---

[1]     Wafer alleges the factual predicate of his claim concerning his discharge date arose September 15, 1997.  Wafer did not file this habeas petition until March 25, 1999.  The only time arguably excludable for equitable tolling are the periods when his next petition was pending in district court (June 8 – July 28, 1998) and when his motion for successive habeas authorization was pending in this court (December 22, 1998 to January 8, 1999).